



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

**vs.**

Criminal No. 3:22cr ⟨8⟩

**ALLEN POSEY,**
    a/k/a BB,
**JONATHAN DAVIS,**
    a/k/a Merc,
**JEREMY HOLCOMBE,**
    a/k/a Real,
**JONATHAN BURNETT,**
    a/k/a Carlos,
**HANK CHAPMAN,**
    a/k/a Elbow,
**JASON HAYDEN,**
    a/k/a Slim,
**JOSHUA MILLER,**
    a/k/a Jon B,
**GAVIN PIERSON,**
    a/k/a G-Baby,
    a/k/a Sir Banty,
**JUSTIN SHAW,**
    a/k/a Jughead,
**BOBBY BRUMFIELD,**
    a/k/a Pressure,
**JORDAN DEAKLES,**
    a/k/a Sinn,
**BRYCE FRANCES,**
    a/k/a 2-Tall,
**ANTHONY MURPHY,**
    a/k/a Stunna,
**CHANCEY BILBO,**
    a/k/a ZigZag,

18 U.S.C. § 1962(d)
18 U.S.C. § 1956(h)
18 U.S.C. § 1959(a)(1)
18 U.S.C. § 1959(a)(3)
18 U.S.C. § 1959(a)(5)
18 U.S.C. § 2
21 U.S.C. § 846

**DILLON HEFFKER,**
      **a/k/a Hardhead,**
**DOUGLAS JONES,**
      **a/k/a White Boy,**
      **a/k/a Jocko,**
**CODY WOODALL,**
      **a/k/a Swurve,**
**MICHAEL MUSCOLINO,**
      **a/k/a Sir Lino,**
**VALERIE MADDEN,**
**SAMUEL CONWILL,**
      **a/k/a Ted,**
**JASON COLLINS,**
      **a/k/a RK,**

      **Defendants.**

## COUNT ONE: Racketeering Conspiracy

THE GRAND JURY CHARGES:

### Introduction

At all times relevant to this Indictment:

1.     The Simon City Royals was a violent criminal gang that began in the Chicago, Illinois area and has since spread to states across the country. The Simon City Royals were allied with another Chicago-based national street gang, the Gangster Disciples, in a partnership known as the "Folk Nation Alliance." The Simon City Royals were composed of both male and female members. Male members are called "Royal Knights" and refer to each other as "Sir," while female members are called "Royal Ladies." Upon joining, each member received a unique 6-digit number, an alias called a "Sir Name," and an official gang "birth certificate." These identifiers were used to track membership, to determine a member's standing in the gang, and to conceal members' true identities from law enforcement.

2.     The Simon City Royals had a detailed and uniform organizational structure, which was outlined in a written "constitution" distributed to members throughout Mississippi and

2

elsewhere. The constitution included sixteen major principles, such as: (1) silence and secrecy, (2) death before dishonor, and (3) chain of command, or "CoC," which mandated that members always follow the chain of command when communicating to leadership members.

3.     The Simon City Royals operated according to a formalized hierarchy. At the top was the "Crown Prince," who was leader over the entire gang. Under the Crown Prince was a group of "Made Men" who, like a corporate board, collectively made decisions about the gang's affairs. Below the Crown Prince and Made Men, separate subordinate leadership structures existed among Simon City Royals members in prison and outside of prison, in the "Free World."

4.     Within the Mississippi state prison system, all incarcerated Simon City Royals members fell under the authority of a "Universal Board." A prison was considered "plugged in" when it had enough Simon City Royals and Folk Nation allies to form a hierarchy within the facility. Once a facility was "plugged in," a "Facility Board" was formed that consisted of various Simon City Royals and Gangster Disciples leadership positions. While this board oversaw the gang's affairs at the facility, it sometimes acted at the direction of more-senior outside leaders. Subordinate Simon City Royals and Gangster Disciples members and associates were required to submit regular reports to the board detailing money that had been earned, disciplinary actions that had been taken, and any violence or security threats that had occurred.

5.     Incarcerated members of the Simon City Royals formed "Teams" to further their criminal activities.   These included the "Intel," "Money," "Tech," and "Special Operations Department" teams.   The "Money Team" was responsible for collecting debts and managing the money of the organization and its members, often using electronic ledgers updated on a daily and weekly basis. The "Tech Team" was responsible for earning money through fraud, extortion, identity theft and other schemes, often involving cryptocurrency and the "deep web." The "Special

Operations Department," or "SOD," was responsible for carrying out gang punishments, including executing "Kill on Sight" orders.

6. The Simon City Royals used non-incarcerated members and associates to smuggle narcotics into prisons, where the drugs were sold to earn revenue for the gang. The gang also sold illegal drugs to the general, non-incarcerated public, and sometimes marketed illegal drugs to other SCR members using social networking sites such as Facebook, Telegram, and TextNow. Drug proceeds were collected by Simon City Royals members who held special positions within the gang. The money was then used to purchase more drugs, to fund the "books" of incarcerated members, to enrich the gang's leaders, and otherwise to benefit the Simon City Royals enterprise.

7. The Simon City Royals had ongoing rivalries with other groups such the Vice Lords and other gangs affiliated with the "People Nation." Simon City Royals leaders encouraged subordinates to commit violence, including murder, against rival gang members.

8. The Simon City Royals used certain symbols to distinguish and promote the enterprise, including: a crown with three points, two lions, dice, and two swords. The image below was often used on the "birth certificates" issued to new members:



9. Simon City Royals members showed their association with the enterprise by displaying hand gestures (gang signs), obtaining tattoos, and wearing leather vests, or "cuts."

4

Below is an example of the vest worn by members of the enterprise, with the patches on the left indicating the member's rank:



10.     Simon City Royals members used coded language to communicate with each other without detection by law enforcement. Examples include: (1) "contribution," which is code for gang dues owed each month; (2) "g26," which is code for a knife; and (3) "bag and tag," which is code for murder.

11.     Simon City Royals members were required to memorize facts about the group's history and adhere to a strict set of rules. The number one rule, called "silence and secrecy," was the complete prohibition of cooperation with law enforcement. When a member broke a rule, disobeyed an order, or was otherwise deemed to have harmed the gang's interests, punishment was termed a "violation" consisting of violence up to and including murder.  These violations were typically carried out by lower-ranking members who were forced to inflict the violence or else be subject to a violation themselves, as reflected in the gang's saying "do the business or be the business."

## The Enterprise

12.     The Simon City Royals, including its leaders, members, and associates, constituted an enterprise as defined by Title 18, United States Code, Section 1961(4); that is, a group of

individuals associated in fact, which engaged in and the activities of which affected interstate and foreign commerce. The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.

### Purposes of the Enterprise

13.     The purposes of the enterprise included, but were not limited to, the following:

a.     Enriching the leaders, members, and associates of the enterprise through, among other things, selling drugs, credit card fraud, and a sports gambling operation.

b.     Preserving and protecting the power, territory, operations, and proceeds of the enterprise using threats, intimidation, violence, and destruction of property.

c.     Promoting and enhancing the enterprise and its members' and associates' activities.

d.     Keeping victims in fear of the enterprise and in fear of its leaders, members, and associates through threats of violence and actual violence.

e.     Providing support to gang members who were charged with or incarcerated for gang-related activities.

f.     Preserving and protecting the financial proceeds of the enterprise by laundering funds through prepaid bank, debit, and credit cards.

### Manner and Means of the Enterprise

14.     The manner and means by which the members and associates conducted and participated in the conduct of the affairs of the Simon City Royals criminal enterprise included the following:

a.     Members and associates of the enterprise attended regular meetings where criminal activity was discussed, financial proceeds from criminal activity were collected, and

disciplinary beatings of fellow Simon City Royals gang members were administered.

> b.    To generate income, members and associates engaged in illegal activities, including narcotics trafficking, extortion, and fraud. Members and associates of the enterprise sometimes transferred the proceeds of these illegal activities to other gang members and associates and attempted to conceal the proceeds by laundering them through various financial products and legal structures.

> c.    For protection and armed combat, members and associates acquired, carried, and used firearms and metal objects, such as prison shanks.

> d.    Members and associates of the enterprise employed and used gang-related terminology, symbols, phrases, and gestures to demonstrate affiliation with the gang.

> e.    Members and associates of the enterprise used coded language and encrypted communications that could be remotely deleted to keep the enterprise's activities secret.

> f.    Members and associates of the enterprise conspired to smuggle contraband namely, narcotics, cellular telephones, and tobacco, into the prison, to protect and expand the enterprise's criminal operations. Members and associates of the enterprise paid or agreed to pay corrupt prison officials as consideration for the prison officials bringing contraband into the prison, including tobacco, controlled substances, and cell phones.

> g.    Members and associates of the enterprise conspired to traffic in controlled substances, including marijuana, synthetic marijuana ("spice"), and methamphetamine.

### The Racketeering Conspiracy

15.    Beginning on a date unknown to the Grand Jury, but at least as early as in or about 1997, and continuing at least until the date of this Indictment, in the Northern District of Mississippi and elsewhere, the defendants, **ALLEN POSEY, JONATHAN DAVIS, JEREMY**

HOLCOMBE, JONATHAN BURNETT, HANK CHAPMAN, JASON HAYDEN, JOSHUA MILLER, GAVIN PIERSON, JUSTIN SHAW, BOBBY BRUMFIELD, JORDAN DEAKLES, BRYCE FRANCES, ANTHONY MURPHY, CHANCEY BILBO, DILLON HEFFKER, DOUGLAS JONES, CODY WOODALL, and MICHAEL MUSCOLINO, and others known and unknown, each being a person employed by and associated with the Simon City Royals, an enterprise engaged in, and the activities of which affected, interstate and foreign commerce, did knowingly, willfully, and unlawfully combine, conspire, confederate, and agree with one another to violate Title 18, United States Code, Section 1962(c), that is, to conduct and participate directly and indirectly in the conduct of the affairs of said enterprise through a pattern of racketeering activity, as defined in Title 18, United States Code, Sections 1961(1) and 1961(5), consisting of multiple:

    (a)    acts involving murder, chargeable under Mississippi Code Annotated, Sections 97-1-1, 97-1-7, 97-3-19 and 97-3-21;

    (b)    acts involving kidnapping, chargeable under Mississippi Code Annotated, Sections 97-1-1-; 97-1-7, and 97-3-53;

    (c)    acts involving robbery, chargeable under Mississippi Code Annotated, Sections 97-1-1-; 97-1-7, and 97-3-73;

    (d)    acts involving extortion, chargeable under Mississippi Code Annotated, Sections 97-1-1-; 97-1-7, and 97-3-82;

    (e)    acts indictable under Title 18, United States Code, Section 1028 (relating to fraud and related activity in connection with identification documents);

    (f)    acts indictable under Title 18, United States Code, Section 1029 (relating to fraud and related activity in connection with access devices);

8

(g)     acts indictable under Title 18, United States Code, Section 1343 (relating to wire fraud);

(h)     acts indictable under Title 18, United States Code, Section 1503 (relating to obstruction of justice);

(i)     acts indictable under Title 18, United States Code, Section 1512 (relating to tampering with a witness, victim, or an informant)

(j)     acts indictable under Title 18, United States Code, Section 1513 (relating to retaliating against a witness, victim, or an informant);

(k)     acts indictable under Title 18, United States Code, Section 1951 (relating to interference with commerce, robbery, or extortion);

(l)     acts indictable under Title 18, United States Code, Section 1955 (relating to the management of an illegal gambling business);

(m)     acts indictable under Title 18, United States Code, Section 1956 (relating to the laundering of monetary instruments); and

(n)     offenses involving trafficking in controlled substances, in violation of Title 21, United States Code, Section 841(a)(1) and 846.

16.     It was a further part of this conspiracy that each defendant agreed that a conspirator would commit at least two acts of racketeering in the conduct of the affairs of the enterprise.

**Overt Acts**

17.     In furtherance of the conspiracy and to achieve the objects thereof, the defendants and others committed and caused to be committed the following overt acts, among others, in the Northern District of Mississippi and elsewhere:

1)     Throughout the course of the conspiracy, **ALLEN POSEY, JONATHAN DAVIS,**

**JEREMY HOLCOMBE, JONATHAN BURNETT, HANK CHAPMAN, JASON HAYDEN, JOSHUA MILLER, GAVIN PIERSON, JUSTIN SHAW, BOBBY BRUMFIELD, JORDAN DEAKLES, BRYCE FRANCES, ANTHONY MURPHY, CHANCEY BILBO, DILLON HEFFKER, DOUGLAS JONES, CODY WOODALL, MICHAEL MUSCOLINO,** and other Simon City Royals members and associates knowingly and intentionally conspired to distribute, and to possess with intent to distribute, large quantities of narcotics including marijuana, synthetic cannabinoids, pharmaceutical pills, heroin, and methamphetamine.

2)      Throughout the course of the conspiracy, **ALLEN POSEY, JONATHAN DAVIS, JEREMY HOLCOMBE, JONATHAN BURNETT, HANK CHAPMAN, JOSHUA MILLER, GAVIN PIERSON, JUSTIN SHAW, BOBBY BRUMFIELD, JORDAN DEAKLES, BRYCE FRANCES, ANTHONY MURPHY, DILLON HEFFKER, DOUGLAS JONES, CODY WOODALL, MICHAEL MUSCOLINO,** and other Simon City Royals members and associates carried out financial transactions in furtherance of the gang's activities; these included the collection of dues, the pooling of criminal proceeds, and the clandestine distribution of funds to incarcerated members, as well as a system of "investment" loans whereby members could borrow money for revenue-generating purposes such as purchasing supply of narcotics.

3)      Throughout the course of the conspiracy, **ALLEN POSEY, JONATHAN DAVIS, JEREMY HOLCOMBE, JONATHAN BURNETT, HANK CHAPMAN, JOSHUA MILLER, GAVIN PIERSON, JUSTIN SHAW, BOBBY BRUMFIELD, JORDAN DEAKLES, BRYCE FRANCES, ANTHONY MURPHY, DILLON HEFFKER, DOUGLAS JONES, CODY WOODALL, MICHAEL MUSCOLINO,** and other Simon City Royals members and associates had a standing agreement to murder members of a rival gang, the Insane

10

Royal Knights, also known as the "Nines."

4)      Throughout the course of the conspiracy, **JONATHAN BURNETT, JOSHUA MILLER, JUSTIN SHAW, BOBBY BRUMFIELD, JORDAN DEAKLES, BRYCE FRANCES, ANTHONY MURPHY, CODY WOODALL, MICHAEL MUSCOLINO,** and other Simon City Royals members and associates served as a "Tech Team" that generated revenue for the gang through various electronic fraud schemes involving, for example, fraudulent tax returns, fraudulently purchased merchandise, fraudulent lines of credit, and fraudulent charities. To accomplish these schemes the "Tech Team" obtained stolen identities and stolen credit card numbers from vendors on the "dark web" and other sources.

5)      From approximately 2014 through approximately 2015, **JASON HAYDEN, CHANCEY BILBO,** Simon City Royals "Elite" member Matthew Spooner, and others arranged the shipment through the U.S. postal system of more than 50 grams of highly pure methamphetamine.

6)      In or about February of 2015, **JASON HAYDEN** and Simon City Royals members assaulted rival gang members during a brawl at a Mardi Gras parade.

7)      On or about February 20, 2015, after a package of highly pure methamphetamine was intercepted by law enforcement, **JASON HAYDEN** and **CHANCEY BILBO** kidnapped P.M. at knifepoint and threatened P.M. with death if he did not contact the postal service and falsely claim the drugs as his.

8)      On or about February 20, 2015, during their kidnapping of P.M., **JASON HAYDEN** and **CHANCEY BILBO** tied P.M. to a chair where they punched him, kicked him, burned him with a torch, and attempted to cut off his Simon City Royals tattoo with a knife.

9)      On or about September 25, 2015, Simon City Royals members tortured, murdered,

and dismembered T.B. because they suspected that T.B. was cooperating with law enforcement.

10)    On or around January 20, 2016, a Simon City Royals member filed articles of incorporation establishing "XIII Dreamz Inc." as a purported nonprofit organization in the state of Mississippi for purposes of shielding the Simon City Royals from law enforcement and to provide a means to launder criminal revenue, including proceeds from charity fraud.

11)    In or around March 2016, **ALLEN POSEY** and **JEREMY HOLCOMBE** issued a "K.O.S.," or "Kill on Sight" order targeting K.A. as punishment for perceived infractions against the Simon City Royals.

12)    On or about March 15, 2016, Simon City Royals members, acting on orders from **ALLEN POSEY** and **JEREMY HOLCOMBE**, attempted to murder K.A. by stabbing him repeatedly and dumping him in a laundry cart.

13)    In or about July 2016, **ALLEN POSEY** temporarily lifted the Simon City Royals' "no snitching" rule for the purpose of (1) helping police identify the killer of Matthew Spooner, an "Elite" Simon City Royals member, and then (2) effectuating the retaliatory murder of that person once he was in custody.

14)    In or about October of 2016, **ALLEN POSEY** issued a "K.O.S.," or "Kill on Sight" order targeting J.H. as punishment for perceived infractions against the Simon City Royals.

15)    On or about October 15, 2016, **DOUGLAS JONES** acted on **ALLEN POSEY's** order by fashioning a weapon from prison items and trying to beat J.H. to death, causing serious injury to J.H.

16)    On or around July 10, 2017, **ALLEN POSEY** and **BOBBY BRUMFIELD** issued a "K.O.S.," or "Kill on Sight" order targeting D.G. as punishment for D.G.'s perceived affiliation with the rival "Nines."

17) On or about July 10, 2017, **DOUGLAS JONES,** acting on orders from **ALLEN POSEY** and **BOBBY BRUMFIELD,** attempted to murder D.G. by stabbing him repeatedly in the head and body.

18) On July 25, 2017, **DOUGLAS JONES** requested that the gang issue an order for a "toe tag" on an individual who **JONES** believed disrespected him.

19) In or around December 2017, to in or around January 2018, **JOSHUA MILLER** attempted to extort a prison guard who had refused to smuggle drugs into the facility for the Simon City Royals.

20) Beginning in or about 2016, **ALLEN POSEY, JEREMY HOLCOMBE, JUSTIN SHAW,** and **DILLON HEFFKER** conspired to murder Brad Fitch, a Simon City Royals member whom they suspected of having been involved in the murder of Matthew Spooner.

21) On or around January 3, 2018, **DILLON HEFFKER** possessed with intent to distribute methamphetamine and "spice."

22) On or about January 31, 2018, **ALLEN POSEY, JEREMY HOLCOMBE,** and **JUSTIN SHAW** ordered the murder Brad Fitch.

23) On or about January 31, 2018, **DILLON HEFFKER** and another Simon City Royals member, acting on orders from **ALLEN POSEY, JEREMY HOLCOMBE,** and **JUSTIN SHAW,** stabbed Brad Fitch to death with homemade shanks.

24) Following the killing of Brad Fitch, **JUSTIN SHAW** helped hide the murder weapons.

25) In or about 2018, **BOBBY BRUMFIELD** conspired with other Simon City Royals gang members and associates to find and kill J.L., who they suspected of murdering a fellow gang member.

26)     In or about January 2018, **JONATHAN DAVIS** and **BRYCE FRANCES** attempted to extort a prison guard who had refused to smuggle drugs into the facility for the Simon City Royals.

27)     On or about March 7, 2018, in retaliation for perceived disrespect, **GAVIN PIERSON, JORDAN DEAKLES,** and others attacked I.W. by throwing I.W. down a flight of stairs, beating and stomping I.W., and stabbing I.W. in the chest.

28)     On or about March 15, 2018, discussing his role in the attack on I.W., **JORDAN DEAKLES** said, "I didn't do the stabbing g baby [**GAVIN PIERSON**] did. I was just stomping the n***a."

29)     On or about April 12, 2018, **BOBBY BRUMFIELD** sent a message to a female Simon City Royals associate requesting the exact current location of J.L as part of his efforts to find and kill J.L.

30)     In or about early 2018, **JEREMY HOLCOMBE** and **JONATHAN BURNETT** threatened C.P. with harm based on their belief C.P. was cooperating with law enforcement, and to compel C.P. to continue trafficking drugs for them.

31)     In or about May of 2018, **JONATHAN DAVIS, ANTHONY MURPHY, BRYCE FRANCES,** and other Simon City Royals members issued an order to kill D.R. and C.B. as punishment for perceived disrespect.

32)     On or about May 15, 2018, Simon City Royals members and associates, acting at the direction of **JONATHAN DAVIS, ANTHONY MURPHY,** and **BRYCE FRANCES,** attempted to kill D.R. and C.B. by stabbing them repeatedly during a coordinated attack.

33)     From approximately the summer of 2018 through approximately the summer of 2019, **JONATHAN BURNETT** and other Simon City Royals members extorted I.T, the mother

of a subordinate Simon City Royals member, and forced I.T. to receive drug shipments to her home.

34) On or about June 4, 2018, **JOSHUA MILLER** bragged in his gang "resume" that he stabbed C.D. as alleged in Overt Act 6, stating that his violent acts for the Simon City Royals included "tagging [C.D.] multiple times in the back."

35) On or about June 11, 2018, **GAVIN PIERSON** attempted to obstruct a prison investigation by threatening to stab prison officials with a shank during a search of **JORDAN DEAKLES's** prison cell.

36) On or about June 11, 2018, **JORDAN DEAKLES** possessed narcotics and a shank while incarcerated in a state prison.

37) On or about July 13, 2018, **CHANCEY BILBO** sold heroin.

38) On or about July 30, 2018, **CHANCEY BILBO** sold a stolen gun.

39) In or around October 2018, **JOSHUA MILLER, ANTHONY MURPHY**, and another Simon City Royals member discussed attacking a prison official who seized a contraband cellular phone, and then **MURPHY** provided the guard's address to another Simon City Royals member to effectuate the plan to retaliate against the prison official.

40) On or about October 6, 2018, **ALLEN POSEY, JUSTIN SHAW, ANTHONY MURPHY,** and other Simon City Royals members and associates extorted J.P using threats of violence.

41) In or about November of 2018, after learning that the Simon City Royals were under investigation by federal law enforcement, **JONATHAN DAVIS, HANK CHAPMAN, JOSHUA MILLER, JUSTIN SHAW, BRYCE FRANCES,** and others orchestrated a campaign to destroy digital evidence in an effort to impede the investigation.

42) On or around November 2, 2018, **JONATHAN BURNETT** arranged the sale of approximately two ounces of highly pure methamphetamine.

43) On or about December 13, 2018, **JONATHAN BURNETT** bragged about ordering the stabbing of another individual.

44) On or about December 17, 2018, **JONATHAN BURNETT** predicted that the new year would be highly lucrative for the Simon City Royals thanks to the gang's trafficking in "weed" and "ice" and its use of "hot cards" to commit identity theft and access device fraud.

45) In January 2019, **BOBBY BRUMFIELD** and **CODY WOODALL**, believing that S.M. had stolen drugs belonging to them, threatened S.M. with physical harm and recruited subordinates to rob S.M., with **BRUMFIELD** instructing an accomplice to "get whatever mf dope in the house…I want half my weed."

46) On or about January 16, 2019, **JONATHAN BURNETT** ordered another Simon City Royals member to "stomp out" a person who owed money to the gang.

47) On or about May 13, 2019, as punishment for stealing a phone, **JUSTIN SHAW** and other Simon City Royals members attempted to kill T.R by stabbing him, causing fractures, lacerations, and the loss of sight in one eye.

48) On June 4, 2019, **JUSTIN SHAW** and another Simon City Royals gang member discussed hacking points of sale machines to obtain personal identifying information.

49) On July 3, 2019, **JUSTIN SHAW** and another Simon City Royals gang member discussed whether another member had "snitched" to federal law enforcement.

## Notice of Special Sentencing Factors

18. Beginning no later than in or about 2014, and continuing until on or about the date of this Indictment, in the Northern District of Mississippi and elsewhere, the defendants, **ALLEN**

POSEY, JONATHAN DAVIS, JEREMY HOLCOMBE, JONATHAN BURNETT, HANK CHAPMAN, JASON HAYDEN, JOSHUA MILLER, GAVIN PIERSON, JUSTIN SHAW, BOBBY BRUMFIELD, JORDAN DEAKLES, BRYCE FRANCES, ANTHONY MURPHY, CHANCEY BILBO, DILLON HEFFKER, DOUGLAS JONES, CODY WOODALL, and MICHAEL MUSCOLINO did knowingly and intentionally combine, conspire, and agree with one another and with others known and unknown to the Grand Jury to distribute and to possess with the intent to distribute at least 50 grams of methamphetamine (actual) and at least 500 grams of a mixture and substance containing a detectable amount of methamphetamine, in violation of Title 21, United States Code Sections 841(a)(1) and 841(b)(1)(A), and all in violation of Title 21, United States Code, Section 846.

19.     On or about January 31, 2018, in the Northern District of Mississippi and elsewhere, defendants ALLEN POSEY, JEREMY HOLCOMBE, JUSTIN SHAW, and DILLON HEFFKER committed, and aided and abetted the commission of, the murder of Brad Fitch, with deliberate design to effect the death of his person, as alleged in Overt Act 21 above, in violation of Mississippi Code Annotated, Sections 97-3-19 and 97-3-21.

All in violation of Title 18, United States Code, Section 1962(d).

## COUNT TWO: Murder in Aid of Racketeering Activity

The Grand Jury further charges:

1. As more fully described in Paragraphs 1 through 14 of Count One of this Indictment, which allegations are realleged and incorporated by reference as though fully set forth herein, the leaders, members, and associates of the Simon City Royals constituted an enterprise as defined in Title 18, United States Code, Section 1959(b)(2), that is, a group of individuals associated in fact that was engaged in, and the activities of which affected, interstate and foreign commerce. The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.

2. At all times relevant to this Indictment, the above-described enterprise, the Simon City Royals, through its members and associates, engaged in racketeering activity as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), that is, acts involving murder, robbery, extortion, and kidnapping, chargeable under the laws of Mississippi; acts indictable under Title 18, United States Code, Section 1028, 1029, 1343, 1503, 1512, 1513, 1951, 1955, and 1956; and offenses involving trafficking in controlled substances in violation of Title 21, United States Code, Sections 841 and 846.

3. On or about January 31, 2018, in the Northern District of Mississippi and elsewhere, defendants **JUSTIN SHAW** and **DILLON HEFFKER**, aided and abetted by one another and by others known and unknown to the Grand Jury, did knowingly and unlawfully murder Brad Fitch, in violation of Mississippi Code Annotated, Section 97-3-19, for the purpose of maintaining and increasing position in the Simon City Royals, an enterprise engaged in racketeering activity.

All in violation of Title 18, United States Code, Section 1959(a)(1) and Section 2.

## COUNT THREE: Narcotics Conspiracy

The Grand Jury further charges:

Beginning no later than in or about 2014, and continuing until on or about the date of this Indictment, in the Northern District of Mississippi and elsewhere, defendants **ALLEN POSEY, JONATHAN DAVIS, JEREMY HOLCOMBE, JONATHAN BURNETT, HANK CHAPMAN, JASON HAYDEN, JOSHUA MILLER, GAVIN PIERSON, JUSTIN SHAW, BOBBY BRUMFIELD, JORDAN DEAKLES, BRYCE FRANCES, ANTHONY MURPHY, CHANCEY BILBO, DILLON HEFFKER, DOUGLAS JONES, CODY WOODALL, MICHAEL MUSCOLINO, VALERIE MADDEN, SAMUEL CONWILL,** and **JASON COLLINS** did knowingly, intentionally, and unlawfully combine, conspire, and agree together and with others, known and unknown to the Grand Jury, to commit the following offenses, that is, to possess with intent to distribute, and to distribute, at least 50 grams of Methamphetamine (actual), a Schedule II controlled substance; at least 500 grams of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance; and a quantity of Heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), and 841(b)(1)(C).

All in violation of Title 21, United States Code, Section 846.

## COUNT FOUR: Money Laundering Conspiracy

The Grand Jury further charges:

Beginning in or before 2014, the exact date being unknown to the Grand Jury, and continuing until on or about the date of the return of this Indictment, in the Northern District of Mississippi and elsewhere, the defendants, **ALLEN POSEY, JONATHAN DAVIS, JEREMY HOLCOMBE, JONATHAN BURNETT, HANK CHAPMAN, JASON HAYDEN, JOSHUA MILLER, GAVIN PIERSON, JUSTIN SHAW, BOBBY BRUMFIELD, JORDAN DEAKLES, BRYCE FRANCES, ANTHONY MURPHY, CHANCEY BILBO, DILLON HEFFKER, DOUGLAS JONES, CODY WOODALL, MICHAEL MUSCOLINO, VALERIE MADDEN, SAMUEL CONWILL,** and **JASON COLLINS** did knowingly, intentionally, and unlawfully combine, conspire, and agree together and with others, known and unknown to the Grand Jury, to commit offenses against the United States in violation of Title 18, United States Code, Section 1956, to wit:

(a) to knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, that is drug trafficking, with the intent to promote the carrying on of specified unlawful activity, that is drug trafficking, and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i); and

(b) to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, drug trafficking, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of

specified unlawful activity, i.e. drug trafficking, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i);

All in violation of Title 18, United States Code, Section 1956(h).

## COUNT FIVE: Attempted Murder in Aid of Racketeering Activity

The Grand Jury further charges:

1.     Paragraphs 1 and 2 of Count Two are incorporated by reference as though fully set forth herein.

2.     On or about July 10, 2017, in the Northern District of Mississippi and elsewhere, **ALLEN POSEY, BOBBY BRUMFIELD**, and **DOUGLAS JONES**, aided and abetted by one another and by others known and unknown to the Grand Jury, did knowingly and unlawfully attempt to murder D.G., in violation of Mississippi Code Annotated, Sections 97-1-7 and 97-3-19, for the purpose of maintaining and increasing position in the Simon City Royals, an enterprise engaged in racketeering activity.

All in violation of Title 18, United States Code, Sections 1959(a)(5) and (2).

## COUNT SIX: Assault in Aid of Racketeering Activity

The Grand Jury further charges:

1.     Paragraphs 1 and 2 of Count Two are incorporated by reference as though fully set forth herein.

2.     On or about July 10, 2017, in the Northern District of Mississippi and elsewhere, **ALLEN POSEY**, **BOBBY BRUMFIELD**, and **DOUGLAS JONES**, aided and abetted by one another and by others known and unknown to the Grand Jury, did knowingly assault D.G. with a dangerous weapon, which resulted in serious bodily injury to D.G., in violation of Mississippi Code Annotated, Section 97-3-7(2)(a)(i) and (ii), for the purpose of maintaining and increasing position in the Simon City Royals, an enterprise engaged in racketeering activity.

All in violation of Title 18, United States Code, Sections 1959(a)(3) and (2).

## COUNT SEVEN: Attempted Murder in Aid of Racketeering Activity

The Grand Jury further charges:

1.      Paragraphs 1 and 2 of Count Two are incorporated by reference as though fully set forth herein.

2.      On or about March 7, 2018, in the Northern District of Mississippi and elsewhere, **GAVIN PIERSON** and **JORDAN DEAKLES**, aided and abetted by one another and by others known and unknown to the Grand Jury, did knowingly and unlawfully attempt to murder I.W., in violation of Mississippi Code Annotated, Sections 97-1-7 and 97-3-19, for the purpose of maintaining and increasing position in the Simon City Royals, an enterprise engaged in racketeering activity.

All in violation of Title 18, United States Code, Sections 1959(a)(5) and (2).

## COUNT EIGHT: Assault in Aid of Racketeering Activity

The Grand Jury further charges:

1.      Paragraphs 1 and 2 of Count Two are incorporated by reference as though fully set forth herein.

2.      On or about March 7, 2018, in the Northern District of Mississippi and elsewhere, **GAVIN PIERSON** and **JORDAN DEAKLES**, aided and abetted by one another and by others known and unknown to the Grand Jury, did knowingly assault I.W. with a dangerous weapon, which resulted in serious bodily injury to I.W., in violation of Mississippi Code Annotated, Section 97-3-7(2)(a)(i) and (ii), for the purpose of maintaining and increasing position in the Simon City Royals, an enterprise engaged in racketeering activity.

All in violation of Title 18, United States Code, Sections 1959(a)(3) and (2).

## COUNT NINE: Attempted Murder in Aid of Racketeering Activity

The Grand Jury further charges:

1.      Paragraphs 1 and 2 of Count Two are incorporated by reference as though fully set forth herein.

2.      On or about May 15, 2018, in the Northern District of Mississippi and elsewhere, **JONATHAN DAVIS, BRYCE FRANCES**, and **ANTHONY MURPHY**, aided and abetted by one another and by others known and unknown to the Grand Jury, did knowingly and unlawfully attempt to murder D.R., in violation of Mississippi Code Annotated, Sections 97-1-7 and 97-3-19, for the purpose of maintaining and increasing position in the Simon City Royals, an enterprise engaged in racketeering activity.

All in violation of Title 18, United States Code, Sections 1959(a)(5) and (2).

## COUNT TEN: Assault in Aid of Racketeering Activity

The Grand Jury further charges:

1.      Paragraphs 1 and 2 of Count Two are incorporated by reference as though fully set forth herein.

2.      On or about May 15, 2018, in the Northern District of Mississippi and elsewhere, **JONATHAN DAVIS**, **BRYCE FRANCES**, and **ANTHONY MURPHY**, aided and abetted by one another and by others known and unknown to the Grand Jury, did knowingly assault D.R. with a dangerous weapon, which resulted in serious bodily injury to D.R., in violation of Mississippi Code Annotated, Section 97-3-7(2)(a)(i) and (ii), for the purpose of maintaining and increasing position in the Simon City Royals, an enterprise engaged in racketeering activity.

All in violation of Title 18, United States Code, Sections 1959(a)(3) and (2).

## COUNT ELEVEN: Attempted Murder in Aid of Racketeering Activity

The Grand Jury further charges:

1.     Paragraphs 1 and 2 of Count Two are incorporated by reference as though fully set forth herein.

2.     On or about May 15, 2018, in the Northern District of Mississippi and elsewhere, **JONATHAN DAVIS, BRYCE FRANCES**, and **ANTHONY MURPHY**, aided and abetted by one another and by others known and unknown to the Grand Jury, did knowingly and unlawfully attempt to murder C.B., in violation of Mississippi Code Annotated, Sections 97-1-7 and 97-3-19, for the purpose of maintaining and increasing position in the Simon City Royals, an enterprise engaged in racketeering activity.

All in violation of Title 18, United States Code, Sections 1959(a)(5) and (2).

## COUNT TWELVE: Assault in Aid of Racketeering Activity

The Grand Jury further charges:

1.    Paragraphs 1 and 2 of Count Two are incorporated by reference as though fully set forth herein.

2.    On or about May 15, 2018, in the Northern District of Mississippi and elsewhere, **JONATHAN DAVIS, BRYCE FRANCES**, and **ANTHONY MURPHY**, aided and abetted by one another and by others known and unknown to the Grand Jury, did knowingly assault C.B. with a dangerous weapon, which resulted in serious bodily injury to C.B., in violation of Mississippi Code Annotated, Section 97-3-7(2)(a)(i) and (ii), for the purpose of maintaining and increasing position in the Simon City Royals, an enterprise engaged in racketeering activity.

All in violation of Title 18, United States Code, Sections 1959(a)(3) and (2).

## COUNT THIRTEEN: Attempted Murder in Aid of Racketeering Activity

The Grand Jury further charges:

1.    Paragraphs 1 and 2 of Count Two are incorporated by reference as though fully set forth herein.

2.    On or about May 13, 2019, in the Northern District of Mississippi and elsewhere, **JUSTIN SHAW**, aided and abetted by others known and unknown to the Grand Jury, did knowingly and unlawfully attempt to murder T.R., in violation of Mississippi Code Annotated, Sections 97-1-7 and 97-3-19, for the purpose of maintaining and increasing position in the Simon City Royals, an enterprise engaged in racketeering activity.

All in violation of Title 18, United States Code, Sections 1959(a)(5) and (2).

## **COUNT FOURTEEN: Assault in Aid of Racketeering Activity**

The Grand Jury further charges:

1.      Paragraphs 1 and 2 of Count Two are incorporated by reference as though fully set forth herein.

2.      On or about May 13, 2019, in the Northern District of Mississippi and elsewhere, **JUSTIN SHAW**, aided and abetted by others known and unknown to the Grand Jury, did knowingly assault T.R. with a dangerous weapon, which resulted in serious bodily injury to T.R., in violation of Mississippi Code Annotated, Section 97-3-7(2)(a)(i) and (ii), for the purpose of maintaining and increasing position in the Simon City Royals, an enterprise engaged in racketeering activity.

All in violation of Title 18, United States Code, Sections 1959(a)(3) and (2).

## FORFEITURE PROVISIONS

1. The allegations contained in Counts 1, 2, and 3 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 1963; Title 21, United States Code, Section 853; and Title 18, United States Code, Section 982(a)(1).

2. Upon conviction of the offense in violation of Title 18, United States Code, Section 1962, alleged in Count 1 of this Indictment, the defendants, **ALLEN POSEY, JONATHAN DAVIS, JEREMY HOLCOMBE, JONATHAN BURNETT, HANK CHAPMAN, JASON HAYDEN, JOSHUA MILLER, GAVIN PIERSON, JUSTIN SHAW, BOBBY BRUMFIELD, JORDAN DEAKLES, BRYCE FRANCES, ANTHONY MURPHY, CHANCEY BILBO, DILLON HEFFKER, DOUGLAS JONES, CODY WOODALL,** and **MICHAEL MUSCOLINO,** shall forfeit to the United States pursuant to Title 18, United States Code, Section 1963:

   a. any interest acquired or maintained in violation of Section 1962;

   b. any interest in, security of, claim against, and property and contractual right of any kind affording a source of influence over, any enterprise which the defendants established, operated, controlled, conducted, or participated in the conduct of, in violation of Section 1962; and

   c. any property consisting of, and derived from, any proceeds obtained, directly or indirectly, from racketeering activity in violation of Section 1962.

3. Pursuant to Title 21, United States Code, Section 853, upon conviction of an offense in violation of Title 21, United States Code, Section 846, the defendants, **ALLEN POSEY, JONATHAN DAVIS, JEREMY HOLCOMBE, JONATHAN BURNETT, HANK**

32

CHAPMAN, JASON HAYDEN, JOSHUA MILLER, GAVIN PIERSON, JUSTIN SHAW, BOBBY BRUMFIELD, JORDAN DEAKLES, BRYCE FRANCES, ANTHONY MURPHY, CHANCEY BILBO, DILLON HEFFKER, DOUGLAS JONES, CODY WOODALL, MICHAEL MUSCOLINO, VALERIE MADDEN, SAMUEL CONWILL, and JASON COLLINS, shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offense and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offenses. The property to be forfeited includes, but is not limited to, the following: $2,100 in U.S. currency seized from A.W.

4. Pursuant to Title 18, United States Code, Section 982(a)(1), upon conviction of an offense in violation of Title 18, United States Code, Section 1956 , the defendants, ALLEN POSEY, JONATHAN DAVIS, JEREMY HOLCOMBE, JONATHAN BURNETT, HANK CHAPMAN, JASON HAYDEN, JOSHUA MILLER, GAVIN PIERSON, JUSTIN SHAW, BOBBY BRUMFIELD, JORDAN DEAKLES, BRYCE FRANCES, ANTHONY MURPHY, CHANCEY BILBO, DILLON HEFFKER, DOUGLAS JONES, CODY WOODALL, MICHAEL MUSCOLINO, VALERIE MADDEN, SAMUEL CONWILL, and JASON COLLINS, shall forfeit to the United States of America any property, real or personal, involved in such offense, and any property traceable to such property.

5. If any of the property described in paragraphs 2, 3, and 4 above, as a result of any act or omission of the defendants:

        a. cannot be located upon the exercise of due diligence;

        b. has been transferred or sold to, or deposited with, a third party;

        c. has been placed beyond the jurisdiction of the court;

    d.  has been substantially diminished in value; or

    e.  has been commingled with other property which cannot be divided without

        difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title

18, United States Code, Section 1963(m); Title 21, United States Code, Section 853(p), as

incorporated by Title 18, United States Code, Section 982(b)(1); and Title 28, United States Code,

Section 2461(c).

A TRUE BILL:

_/s/ Redacted signature_____
FOREPERSON

CLAY JOYNER
UNITED STATES ATTORNEY

34